# **Exhibit A**

ELECTRONICALLY FILED - 2022 Jun 22 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2303303

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | COURT OF COMMON PLEAS |
| Michael Flynn, | ) | Case No. 2022-CP-23-_____ |
| Plaintiff, | ) | **SUMMONS** |
| v. | ) | |
| Atlas Hydraulics, LLC, | ) | |
| Defendant. | ) | |

**TO THE DEFENDANT ABOVE-NAMED:**

You are hereby summoned and required to answer the claims in this action, a copy of which is attached hereto and herewith served upon you, and to serve a copy of your answer to same upon the subscribed at 307 Pettigru Street, Greenville, South Carolina, 29601 within thirty (30) days after the service of same, exclusive of the day of such service. If you fail to answer same within the thirty (30) day period, Plaintiff will apply to the Court for the relief demanded therein and judgment will be taken against you by default.

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Michael Flynn*

June 22, 2022

ELECTRONICALLY FILED - 2022 Jun 22 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2303303

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THIRTEENTH JUDICIAL CIRCUIT |
| ) | |
| COUNTY OF GREENVILLE ) | COURT OF COMMON PLEAS |
| ) | |
| Michael Flynn, ) | Case No. 2022-CP-23-_____ |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | |
| v. ) | (JURY TRIAL DEMANDED) |
| ) | |
| Atlas Hydraulics, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Michael Flynn ("Plaintiff") brings this Complaint against Defendant Atlas Hydraulics, LLC ("Defendant"), based on the allegations set forth below.

## PARTIES

1. Plaintiff is a citizen and resident of Greenville County, South Carolina.

2. Defendant is incorporated in Delaware and does business in South Carolina.

3. Defendant was the "employer" of Plaintiff at all times relevant to this complaint; has continuously been an employer engaged in industries affecting commerce; and has employed fifteen (15) or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year.

## JURISDICTION

4. This action is authorized and instituted pursuant to the Americans with Disabilities Act ("ADA").

5. This Court has subject-matter jurisdiction over Plaintiff's ADA claims.

6. This Court has personal jurisdiction over the Defendant because (1) the unlawful practices alleged in this Complaint were committed within the jurisdiction of South Carolina;

(2) Defendant is a company doing business in South Carolina; and (3) Defendant has purposefully availed itself of the rights and privileges afforded to it under South Carolina law.

7. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission, and he brings this Complaint within 90 days of his request for the Notice of Right to Sue.

## VENUE

8. Venue is proper in this division because Defendant conducts business in Greenville County; Plaintiff lived and worked in Greenville while he was employed and later terminated by Defendant; and the acts or omissions that are the subject of this action occurred in Greenville County.

## FACTS

9. At all times relevant to this complaint, Plaintiff performed at or above his expected job performance standards.

10. Plaintiff worked for Defendant as a quality manager from April 2019 until October 26, 2021.

11. Plaintiff met or exceeded his employer's job expectations throughout his employment, and he was not subject to any discipline or allegations of poor performance during this employment.

12. In November 2020, Plaintiff suffered a stroke and was hospitalized for a month. He was out of work until March 2021 as he recovered from his stroke.

13. The stroke caused residual medical issues for Plaintiff, including difficulty standing and walking for long periods of time and difficulty in typing with both hands due to a deficiency in his left hand and arm. These issues constitute a disability under the ADA.

ELECTRONICALLY FILED - 2022 Jun 22 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2303303

ELECTRONICALLY FILED - 2022 Jun 22 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2303303

14. By March 2021, Plaintiff was able to return to work under a split schedule, partly from home and partly in person. This accommodation was supported by a doctor's note, which Plaintiff provided to Craig Shaw in person upon his return to the plant in March 2021.

15. Defendant never asked him for the doctor's note, but Plaintiff voluntarily provided it anyway.

16. Plaintiff was able to perform the essential functions of this position with this accommodation.

17. Plaintiff began increasing the number of days in the plant as he improved over the next several months.

18. At one point during those months after his return, Plaintiff's supervisor, Sarah Hayden, demanded to know when Plaintiff would be returning to work in person full time. Plaintiff told her about his doctor's note and his accommodation, but Hayden claimed that she had no knowledge of the note or the accommodation. She insisted that he start being at the plant more, despite the doctor's note.

19. In Defendant's Position Statement, Defendant falsely claims that Plaintiff never provided a doctor's note. Defendant also claimed in the Position Statement that Defendant's HR department made several requests for a doctor's note from Plaintiff in late July 2021, but that he never provided anything. This is likewise false.

20. By October 2021, Plaintiff was still working under the reasonable accommodation of a split schedule, despite Hayden's clearly expressed frustration with his continued need for the accommodation. Just four days prior to his termination, Plaintiff had sent an additional email to Hayden discussing his continued need for some work-from-home accommodations.

21. On October 26, 2021, Defendant abruptly terminated Plaintiff for false and pretextual reasons, alleging that Defendant had lost confidence in his ability to do the job. However, at no point had Plaintiff's work suffered or had been unable to fully perform his job duties (other than when he was out on leave). Nor had anyone with Defendant ever discussed Plaintiff's job performance prior to his termination. The only thing that had changed was Plaintiff's accommodated schedule based on his disability.

### FOR A FIRST CAUSE OF ACTION
### (Discrimination / Failure to Accommodate under the Americans with Disabilities Act)

22. Plaintiff incorporates all allegations above into this cause of action.

23. Plaintiff's request for a split schedule based on his recovery from his stroke and the accompanying medical limitations constituted a request for a reasonable accommodation under the ADA.

24. Plaintiff's need for this accommodation was continuing at the time of his termination.

25. Plaintiff's request did not place an undue burden on Defendant.

26. Plaintiff's supervisor began demanding to know when Plaintiff would be returning to work full time in person, and she began claiming that she had never received a doctor's note to support the accommodation. Defendant's then terminated Plaintiff's employment after it became clear that Plaintiff would still need his accommodation for some period of time moving forward.

27. Defendant's discriminatory acts in relation to Plaintiff's accommodations and his disability violated the ADA.

28. Defendant's discriminatory acts caused Plaintiff damages, including lost wages, employment benefits, and other actual damages recoverable under the ADA.

29. Plaintiff is entitled to an award of damages and attorney's fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Retaliation under the Americans with Disabilities Act)

30. Plaintiff incorporates all allegations above into this cause of action.

31. Within a short time of Plaintiff's supervisor expressing frustration at Plaintiff's perceived slow recovery process and need for continued accommodation for his disability, Defendant terminated Plaintiff for pretextual reasons.

32. Defendant later fabricated allegations that Plaintiff has refused to provide a doctor's note to support his accommodation request, despite many alleged requests from Defendant. Defendant's fabrications are further support for the pretextual nature of Plaintiff's termination.

33. Defendant's actions were in retaliation for Plaintiff's asserting rights and requesting a reasonable accommodation under the ADA.

34. Defendant's retaliatory acts caused Plaintiff damages, including lost wages, employment benefits, and other actual damages recoverable under the ADA.

35. Plaintiff is entitled to an award of damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully set forth his complaint, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendant as follows:

a. Award Plaintiff all compensation and benefits due that were lost as a result of Defendant's unlawful employment practices, including but not limited to lost wages and commissions in the form of back and front pay, bonuses, health insurance and life insurance benefits, pre-judgment interest, and other benefits in amounts to be determined at trial;

b. Award Plaintiff compensatory damages, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem, and loss of civil rights in amounts to be determined at trial;

c. Award Plaintiff punitive damages for Defendant's malicious and reckless conduct as described above in amounts to be determined at trial;

d. Award Plaintiff equitable relief in the form of reinstatement to a comparable position and salary;

e. Award Plaintiff his attorney's fees and costs of this action as provided by state and federal law; and

f. Award Plaintiff such other legal and/or equitable relief as this court may deem proper in the public interest.

Respectfully Submitted,

**Horton Law Firm, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Michael Flynn*

June 22, 2022

ELECTRONICALLY FILED - 2022 Jun 22 3:33 PM - GREENVILLE - COMMON PLEAS - CASE#2022CP2303303

ELECTRONICALLY FILED - 2022 Jun 29 11:56 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2303303

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE ) | COURT OF COMMON PLEAS |
| Michael Flynn, ) | Case No. 2022-CP-23-03303 |
| Plaintiff, ) | **PROOF OF DELIVERY** |
| v. ) | |
| Atlas Hydraulics, LLC, ) | |
| Defendant. ) | |

COMES NOW Plaintiff, by and through his undersigned counsel, and submits the attached United States Certified Mail Return Receipt as Proof of Delivery, showing that the Defendant Atlas Hydraulics, LLC was served the Summons and Complaint, by delivery upon its Registered Agent, on June 27, 2022.

Respectfully submitted,

**HORTON LAW FIRM, P.A.**

s/ Jeremy R. Summerlin
**Jeremy R. Summerlin**
S.C. Bar No. 101383
jsummerlin@hortonlawfirm.net
307 Pettigru Street
Greenville, SC  29601
864.233.4351   864.233.7142 fax

*Attorney for Plaintiff Michael Flynn*

June 29, 2022

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CT Corporation System
Registered Agent for Atlas
Hydraulics, LLC
2 Office Park Court, Suite 103
Columbia, SC 29223

9590 9402 5734 0003 4619 93

2. Article Number (Transfer from service label)

7019 1640 0000 1474 4873

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Pam Johnson
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Pam Johnson

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☒ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



HORTON LAW FIRM, P.A.
307 Pettigru Street
Greenville, South Carolina 29601

Attn: Jeremy

# USPS Tracking®

FAQs >

ELECTRONICALLY FILED - 2022 Jun 29 11:56 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2303303

## Track Another Package +

Remove ✕

**Tracking Number:** 70191640000014744873

Your item has been delivered to an agent for final delivery in COLUMBIA, SC 29223 on June 27, 2022 at 11:59 am.

USPS Tracking Plus® Available ⌄

## ⊘ Delivered to Agent for Final Delivery

June 27, 2022 at 11:59 am
COLUMBIA, SC 29223

Get Updates ⌄

---

Text & Email Updates                                                                          ⌄

---

Tracking History                                                                              ⌃

**June 27, 2022, 11:59 am**
Delivered to Agent for Final Delivery
COLUMBIA, SC 29223
Your item has been delivered to an agent for final delivery in COLUMBIA, SC 29223 on June 27, 2022 at 11:59 am.

**June 25, 2022, 10:50 am**
Delivery Attempted - No Access to Delivery Location
COLUMBIA, SC 29223

**June 25, 2022, 12:49 am**
Departed USPS Regional Facility
COLUMBIA SC PROCESSING CENTER

**June 24, 2022, 1:32 pm**
Arrived at USPS Regional Facility
COLUMBIA SC PROCESSING CENTER

**June 23, 2022, 10:16 pm**
Arrived at USPS Regional Facility
GREENVILLE SC DISTRIBUTION CENTER

USPS Tracking Plus®                                                               ⌄

Product Information                                                               ⌄

See Less ⌃

ELECTRONICALLY FILED - 2022 Jun 29 11:56 AM - GREENVILLE - COMMON PLEAS - CASE#2022CP2303303

Feedback

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**